UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT

------------------------------------------------------------X

MIKHAIL YUSIM,

                Plaintiff,

-against-

ASTORIA FEDERAL SAVINGS,

                Defendant.

------------------------------------------------------------X

★ APR 24 2012

BROOKLYN O...

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
12-CV-1805 (SLT)

TOWNES, United States District Judge:

On April 9, 2012, plaintiff Mikhail Yusim, appearing *pro se*, filed this action against defendant. Plaintiff invokes this court's jurisdiction pursuant to 26 U.S.C. §§ 402, 408, 6103 and 7216. He alleges that defendant Astoria Federal Savings provided incorrect information to the Internal Revenue Service ("IRS") regarding withdrawals from plaintiff's individual retirement accounts ("IRA") held with defendant. Compl. at 1, Exhibits A-E. Plaintiff seeks $150,000 in damages. The complaint is dismissed, with leave to replead, for the reasons set forth below.

**Standard of Review**

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).



## Discussion

It is not entirely clear from plaintiff's complaint that he has suffered an actual injury or harm based on the alleged error by defendant. For instance, plaintiff alleges that "the information I had been given in August of 2011 and the information wh[ic]h Astoria Federal Savings had forwarded to IRS does not m[at]ch even a bit and all the numbers were off." Compl. at 1. Plaintiff further states: "[w]hen IRS will determine that I have not filed taxes properly and comes back after me to pay, I will not be able to prove that the mistake was made on the part of Astoria Federal Savings and not me." Id. It is unclear whether plaintiff alleges that the account numbers or the withdrawal amounts or both are incorrectly reported. Also, plaintiff does not allege what steps, if any, he has taken to bring this to the attention of defendant or the IRS.

In any event, the Court cannot, even when liberally construed, find a valid claim that would provide subject matter jurisdiction against defendant. The statutes to which plaintiff cites either do not apply to the facts as alleged or do not provide a right of action against defendant in federal court.[1] Rather, plaintiff's complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Here, plaintiff claims that a mistake has been made by defendant and assumes that the IRS will penalize him for it, but he has not alleged that he has sustained any tax penalty. Therefore, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff relies on the following sections from Title 26 of the Internal Revenue Code: § 402 (taxability of beneficiary of employees' trust), § 408 (individual retirement accounts), § 6103 (confidentiality and disclosure of returns and return information), and § 7216 (disclosure or use of information by preparers of returns). See, e.g., Burns v. Delaware Charter Guarantee & Trust Co., 805 F.Supp.2d 12, 19-20 (S.D.N.Y. 2011) ("section 408 does not give rise to any independent cause of action").

In an abundance of caution, however, the Court grants plaintiff leave to file an amended complaint against defendant. In the amended complaint, plaintiff must provide a description of what Astoria Federal Savings did or failed to do that deprived him of his rights under federal law. Plaintiff cannot rely on assumptions or conclusions. Plaintiff must also allege what steps, if any, he has taken to resolve this issue with defendant. Also, if applicable, plaintiff should set forth any tax penalty he has sustained due to defendant's alleged error and attach documents from the IRS, if available.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), but with leave to file an amended complaint as set forth above within 30 days from the entry date of this Memorandum and Order. If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 12-CV-1805 (SLT). The amended complaint shall completely replace the original complaint and shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B). All proceedings shall be stayed for 30 days or until plaintiff has filed an amended complaint. If plaintiff fails to file an amended complaint within the time allowed, the action shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: April 23, 2012
Brooklyn, New York

3