UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X NOT FOR PUBLICATION
MIKHAIL YUSIM,

             Plaintiff,

-against-                                     MEMORANDUM
                                                         AND ORDER
ASTORIA FEDERAL SAVINGS,                12-CV-1805 (SLT)

             Defendant.
-----------------------------------------------------------X
TOWNES, United States District Judge:

On April 9, 2012, plaintiff Mikhail Yusim, appearing *pro se*, filed this action against defendant. He appeared to allege that defendant Astoria Federal Savings provided incorrect information to the Internal Revenue Service ("IRS") regarding withdrawals from plaintiff's individual retirement accounts ("IRA") held with defendant. Compl. at 1, Exhibits A-E. On May 23, 2012, plaintiff filed an amended complaint.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The action is dismissed as set forth below.

## Standard of Review

In reviewing the amended complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted,

---

[1] The Court notes that plaintiff filed documents bearing his social security number as attachments to his complaint and amended complaint. (ECF Nos. 1, 4.) The Court directs the Clerk of Court to restrict access to those documents to case participants to protect plaintiff's privacy and identity.



or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Finally, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); accord Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

## Discussion

By order dated April 23, 2012, the Court dismissed the complaint with leave to replead because it found that the allegations and claims presented in the original complaint were not entirely clear. In response to the Court's order, plaintiff filed an amended complaint. It appears that plaintiff alleges that the amount he withdrew from his IRA accounts were not properly reflected in a statement issued by defendant. See Am. Compl., Exhibit D-E. Plaintiff further alleges that defendant has "refused to honor the ruling [of Judge Schmidt] and to release the money promptly." Am. Compl., at 1, Exhibit F. The Court has compared the amounts listed on the IRA distribution forms and on the statement form and does not find a discrepancy. The total amount remitted to plaintiff less federal withholding and transaction penalties is the amount reported: $8,479.20. Insofar as plaintiff alludes to a state court action against defendant or against Ronald Moses, this is not the proper forum to raise this claim as this is a state court matter. Plaintiff must continue to pursue his remedies in state court. As plaintiff's amended complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), it is, therefore, dismissed. 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

Accordingly, the action, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). As set forth above, the Court directs the Clerk of Court to restrict access to plaintiff's complaint and amended complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: June 4, 2012
Brooklyn, New York